IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

                        Case No. 20-cm-60032-EFM

JOHN HUITT,

    *Defendant.*

**MEMORANDUM AND ORDER**

Before the Court is Defendant John Huitt's Motion for Early Termination of Supervised Release (Doc. 8). Both the government and the United States Probation Office ("USPO") oppose the motion.

In April 2012, Defendant entered a guilty plea to one count of using a facility and means of interstate commerce to knowingly attempt to persuade a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), in the Western District of Arkansas. In August 2012, he was sentenced to 120 months' imprisonment and five years' supervised release. In October 2020, after Defendant served his term of imprisonment and began supervised release, a transfer of jurisdiction was filed. Jurisdiction was then transferred from the Western District of Arkansas to the District of Kansas for supervision of Defendant.

-2-

In August 2021, Defendant filed a motion to modify the condition of his supervised release. The Court denied this motion. Defendant is again before the Court requesting early termination of his supervised release.

Under 18 U.S.C. § 3583(e)(1), the Court may terminate a previously imposed term of supervised release after the defendant completes one year of it. It is within the Court's discretion whether to grant a motion to terminate supervised release.[1] In considering a request for early termination, § 3583(e)(1) directs the Court to weigh the factors set forth in § 3553(a) to the extent that they are applicable.[2] The Court may grant such a motion if it is satisfied that early termination is warranted by the conduct of the defendant, and it is in the interests of justice.[3]

Here, the Court finds that termination of supervised release does not comport with the interests of justice. Specifically, § 3553(a)(1) directs the Court to consider the "nature and circumstances of the offense" and the "characteristics of the defendant." Given the nature of Defendant's underlying offense—knowingly attempting to persuade a minor (a 13-year-old) to engage in sexual activity, the Court believes continued supervision is necessary. No other factors support early termination of supervised release either. Thus, the Court finds that Defendant should serve the remainder of his supervised release term.

---

[1] *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (citing 18 U.S.C. § 3583(e)(1)).

[2] 18 U.S.C. § 3583(e)(1).

[3] *Id.*

**IT IS THEREFORE ORDERED** that Defendant's Motion for Early Termination of Supervision (Doc. 8) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 7th day of June, 2023.

*Eric F. Melgren*
ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE